CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
June 1, 2018
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TINA WELLS, | Civil Action No. 3:18CV00035 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | Hon. Glen E. Conrad |
| KAREN TURNER, | Senior United States District Judge |
| Defendant. | |

Plaintiff Tina Wells, proceeding pro se, brings this action against defendant Karen Turner for slander. This matter is currently before the court on plaintiff's motion for leave to proceed in forma pauperis. Although the court grants the motion, for the following reasons, the court concludes that the complaint must be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B).

## Background

On May 23, 2018, Wells commenced this action by filing a motion for leave to proceed in forma pauperis and a complaint. In the complaint, Wells asserts that from 2014 to 2017, defendant Turner, an officer at the Fluvanna Correctional Center for Women, committed slander against Wells at "the Department of Justice hearing in Washington D.C." Compl. 3, Dkt. No. 2. The complaint details the alleged slander by Turner. Id. at 3. Wells asserts that this court has subject matter jurisdiction over her claim based on federal question jurisdiction and that the federal basis for the action is "First amendment rights vs slander." Id. at 2. Wells seeks $800,000.00 in damages. Id. at 5.

## Standards of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston Cty., 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, federal district courts are authorized to hear cases arising out of federal law or involving diverse parties and a specified amount in controversy. 28 U.S.C. §§ 1331, 1332. "Under the well-pleaded complaint rule, a suit arises under federal law . . . only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (alterations and internal quotation marks omitted). "Federal jurisdiction cannot be predicated on an actual or anticipated defense." Id.

Having reviewed the complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. The plaintiff has failed to allege any violation

2

of federal law which might support federal question jurisdiction under 28 U.S.C. § 1331, and the court is unable to make any inference as to a possible violation of federal law based upon the language of the complaint. See 28 U.S.C. § 1331 (limiting jurisdiction to claims "arising under the Constitution, laws or treaties of the United States"). Although Wells cites the First Amendment in her complaint, it is clear from her description of the claim that she is alleging slander without any attendant violation of her constitutional rights. Even if Wells anticipates that Turner will raise the defense of First Amendment protected speech, the complaint does not arise under the First Amendment, but under the law of slander, and the well-pleaded complaint rule does not permit a plaintiff to establish subject matter jurisdiction by asserting anticipated defenses. Vaden, 556 U.S. at 60. Thus, Wells has not established federal question jurisdiction. Nor has Wells demonstrated complete diversity of citizenship between the parties as required for diversity jurisdiction under 28 U.S.C. § 1332. To the contrary, the complaint indicates that the plaintiff and the defendant both reside in Virginia. Because both federal question and diversity jurisdiction are lacking, the complaint will be dismissed under Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

For the reasons stated, the court grants the plaintiff's motion for leave to proceed in forma pauperis and dismisses the complaint without prejudice pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 1st day of June, 2018.

_____
Senior United States District Judge

3